IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY GARRETT, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:13-00939 |
| | ) Senior Judge Haynes |
| v. | ) |
| | ) |
| SATO, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Jeremy Garrett, a state prisoner, filed this action under 42 U.S.C. § 1983 against several Defendants, but the sole remaining Defendant is the Defendant Corizon, Inc. ("Corizon"), a prison health care provider.

Before the Court is the Defendant Corizon's motion for summary judgment (Docket Entry No. 92) to which Plaintiff has not responded.

The undisputed facts are that Corizon employed Dr. Inocentes Sato to provide medical care to inmates at Charles Bass Correctional Facility ("CBCX") from March 2012 until September 9, 2013, under its contract with the Tennessee Department of Corrections ("TDOC"), Corizon's contract with TDOC expired on September 10, 2013. (Docket Entry No. 39, Sato Affidavit at ¶ 2). Centurion of Tennessee, LLC ("Centurion") then provided medical and mental health services with TDOC, but retained Dr. Sato to provide care to inmates at CBCX. Id. at ¶ 3.

According to his medical records, Plaintiff was diagnosed with diabetes in 2011 and has been insulin-dependent since 2013. On July 10, 2013, Dr. Sato reviewed Plaintiff's medical records and observed Plaintiff's prescription for Phenobarbital that is not used for patients with

1

diabetes and is incompatible with insulin. Given Plaintiff's diabetes, insulin dependence and other medications for multiple medical conditions, Dr. Sato discontinued the Phenobarbital. Dr. Sato found that Plaintiff's other medications were appropriate for seizure control. The cost of Phenobarbital was not considered in Dr. Sato's decisions. Id. at ¶ 3.

Plaintiff was transferred rom CBCX by TDOC in August, 2013 and has not seen or been treated by Dr. Sato since August, 2013. Id. at ¶ 4.

Upon review, Plaintiff has not shown that the Defendant Corizon was deliberately indifferent to Plaintiff's medical condition as required by Estelle v. Gamble, 429 U.S. 93, 103 (1976) nor that Corizon has a policy or practice of denying medical care to prisoners, as required for Plaintiff's claim. Street v. CCA, 102 F.3D 810, 817-18 (6th Cir. 1996).

Thus, the Defendant Corizon's motion for summary judgment (Docket Entry No. 92) is **GRANTED and this action is DISMISSED with prejudice.**

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915 (a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

**ENTERED** this the 23rd day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

2